# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MIGUEL CONTRERAS, CDCR #K-71716,

    Plaintiff,

vs.

J. HERRERA, Correctional Officer,

    Defendant.

Case No. 3:18-cv-00717-MMA-AGS

**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT**

Plaintiff Miguel Contreras, while incarcerated at California Substance Abuse Treatment Facility in Corcoran, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") against J. Herrera, a Correctional Officer employed at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, on April 11, 2018. *See* Compl., Doc. No. 1.

Plaintiff alleged that while he was incarcerated at RJD on December 18, 2016, Herrera violated his constitutional rights by terminating a visit with his wife and developmentally impaired daughter and issuing false disciplinary charges against him which resulted in a finding of guilt and the suspension of his visitation privileges for 180 days. *Id.* at 2-5. He sought to expunge his disciplinary conviction and to restore his

visitation privileges, in addition to as compensatory, punitive, and special damages. *Id.* at 5.

## I. Procedural History

On October 15, 2018, the Court granted Plaintiff's renewed and untimely Motion to Proceed In Forma Pauperis ("IFP"), but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* Doc. No. 7. Plaintiff was notified of his pleading deficiencies, and granted 45 days leave to file an Amended Complaint that fixed them, if he could. *Id.* at 6-12. Plaintiff was also warned that his failure to amend would result in the dismissal of his case. *Id.* at 13 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Amended Complaint was due on or before November 30, 2018, and almost two full months have passed since the Court issued its October 15, 2018 Order. But to date, Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and because he has failed to prosecute as required by Court's October 4, 2018 Order requiring amendment. *See* Fed. R. Civ. P. 41(b).

//
//
//

2

3:18-cv-00717-MMA-AGS

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATE: December 13, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge